IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:08cr30-WKW |
| ) | |
| JONATHAN HARRIS   ) | |

**SENTENCING MEMORANDUM ON BEHALF OF JONATHAN HARRIS**

COMES NOW Jonathan Harris, Defendant in the above-styled action, by and through undersigned counsel, and submits this sentencing memorandum in order to aid the Court in making its sentencing determination pursuant to 18 U.S.C. § 3553. The defendant requests that the Court impose a sentence, in the exercise of its discretion under 18 U.S.C. § 3553(a) that is sufficient, but not greater than necessary, to comply with the purposes of sentencing and takes into account all the circumstances present in this case, based on the following.

I.   Law

As this Court is well-familiar, the Sentencing Guidelines and their applicable Commentary are now advisory, and although they must be calculated for each defendant, their application is merely one of the statutory factors set forth in 18 U.S.C. § 3553(a) that a sentencing court must consider when imposing sentence, which sentence is ultimately reviewed for reasonableness.

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));
2) the kinds of sentences available (§ 3553(a)(3));
3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and
4) the need to provide restitution to any victims of the offense. (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

II    Application of the Statutory Sentencing Factors<br>To the facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Offender</u>

(a) <u>Nature and Circumstances of Offense</u>. Jonathan Harris was named in three counts of a four-count indictment returned by the February 2008 Federal Grand Jury for the Middle

District of Alabama. Count One charges Harris with conspiracy to steal and unlawfully carry away firearms from a person and the premises of a person who is licensed to engage in the business of importing, manufacturing, and dealing in firearms, in violation of 18 U.S.C. § 371. Count Two charges Harris and Gary Franklin with aiding and abetting each other to steal and unlawfully carry away firearms from a person and the premises of a person who is licensed to engage in the business of importing, manufacturing, and dealing in firearms, in violation of 18 U.S.C. § 922(u) and 2. Count Three charges Harris with knowingly possessing a stolen firearm which had been shipped and transported in interstate or foreign commerce, in violation of 18 U.S.C. § 922(j).

Jonathan Harris and co-defendant Gary Franklin began working at Hicks, Incorporated, a federally licensed firearm dealer in Luverne, Alabama. They worked after school and on weekends to make extra money. During the course of their employment at Hicks, Harris and Franklin stole several firearms. Harris told investigators that they would place the firearms inside their pants to remove them from the premises. Harris further told investigators that stealing the firearms was initially Franklin's idea, but that he went along with it.

(b) <u>Background, History and Characteristics of Jonathan Harris</u>.

Jonathan Oneal Harris will turn 21 years old on October 21, 2008. He was born in Luverne, Alabama. His parents, Gregory Woodson and Regina Harris, were never married, and he has two maternal half-siblings. Jonathan's brother, Jeremiah Harris, age 24, is employed at the Wal-Mart distribution center and will be leaving for Iraq on a contractor job

in approximately 4-6 weeks. Jonathan's sister, Nolita Harris, age 22, has a family and lives on her own. Jonathan has never married, and has no children.

Jonathan was raised primarily by his mother, and has not had a significant relationship with his father since the age of 11. Jonathan has not had contact with his father for approximately two years. Jonathan graduated from Luverne High School in 2006 and resides with his mother. Ms. Harris is unable to work due to various health problems, including heart and kidney problems, and migraine headaches. Jonathan pays the bills at home and buys groceries and other necessities.

Jonathan has worked for H.E. Browder Veneer Company located in Grady, Alabama, since July 2006 and earns $10.00 per hour. He works approximately 9-11 hours per day, five days a week. After Jonathan was indicted in February 2008, he immediately informed his employer, Mr. George Browder, and his supervisor, Mr. Neil Bargainer, of his legal problems. With full knowledge of the circumstances in this case, they agreed that Jonathan should continue working for the company. Mr. Browder and Mr. Bargainer are impressed with Jonathan's work habits and work ethic such that he is a supervisor with the company, supervising 12-50 other men, depending on the workload.

On April 28, 2008, Jonathan pled guilty to counts 1 and 2 of the indictment pursuant to a Rule 11(c)(1)(C) plea agreement. Jonathan has expressed remorse for his involvement in the instant matter, and regrets that he has "let his family down." He continues to work for H.E. Browder and provide for his mother.

      2. <u>The Need for the Sentence Imposed To Promote Certain Statutory Objectives</u>:

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

      3.     <u>The Kinds of Sentences Available</u>

In <u>Booker</u>, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). This renders the sentencing guidelines advisory. <u>Id</u>.

Under 18 U.S.C. § 3551, a defendant found guilty of an offense shall be sentenced, in accordance with the provisions of § 3553, to a term of imprisonment, probation, and/or fine. 18 U.S.C. § 3561 further provides that a defendant who has been found guilty of an offense may be sentenced to a term of probation unless:

    (1) the offense is a Class A or Class B felony and the defendant is an individual;
    (2) the offense is an offense for which probation has been expressly precluded; or
    (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

In addition, USSG § 5B1.1(a)(2) authorizes a sentence of probation if the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of §5C1.1.

    4.    <u>The Sentencing Range Established by the Sentencing Commission</u>

Mr. Harris has no objection to the offense level computation as calculated by the U.S. Probation Office. In the Presentence Investigation Report prepared for this case, the Probation Officer calculated Mr. Harris' total offense level to be 12, with a criminal history category of I. In accordance with the plea agreement reached in this case, Mr. Harris has provided substantial assistance to the government and anticipates a U.S.S.G. § 5K1.1 motion to be filed by the Government granting Mr. Harris an additional 3 levels to be subtracted from the total offense level. As such, Mr. Harris anticipates that, at sentencing, his total offense level will be 9 and a criminal history category of I, resulting in a sentencing range of 4-10 months. This range will be in Zone B of the Sentencing Table.

    5.    <u>The need to provide restitution to any victims of the offense</u>

As stated earlier, Mr. Harris is employed full-time by H.E. Browder Veneer Company. Restitution may be owed to Hicks, Inc. As such, a non-custodial sentence allowing Mr. Harris to continue working would enable him to make restitution in a timely fashion.

    6.    <u>The cost of incarceration</u>.

Pursuant to U.S.S.G. §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6), the court shall, when determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, consider the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence. Attached to this Memorandum as is correspondence from the Administrative Office of the United States Courts outlining the current cost of incarceration and supervision. The table reflects that 10 months of

incarceration for Mr. Harris would cost $20,768.30 ($2,076.83 x 10) verses $3,621.60 for one year of probation ($3,621.64).

### III.    Conclusion

For the foregoing reasons, Jonathan Oneal Harris respectfully submits that a non-custodial sentence of intermittent confinement, community confinement, or home detention is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 8th day of August 2008.

s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Jonathan Harris
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Matthew Shepherd</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   <u>none</u>   .

                                             s/John M. Poti  
                                             **JOHN M. POTI (POT013)**  
                                             Attorney for Jonathan Harris  
                                             696 N. Silver Hills Drive, Suite 102  
                                             Prattville, Alabama 36066-6184  
                                             TEL:  (334) 361-3535  
                                             FAX: 1-866-780-9012  
                                             E-mail: john@jmpoti.com



| | JAMES C. DUFF<br>Director<br><br>JILL C. SAYENGA<br>Deputy Director | **ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS**<br><br>WASHINGTON, D.C. 20544<br>May 6, 2008 | JOHN M. HUGHES<br>Assistant Director<br><br>MATTHEW G. ROWLAND<br>Deputy Assistant Director<br><br>Office of Probation<br>and Pretrial Services |

TO:       CHIEF PROBATION OFFICERS
           CHIEF PRETRIAL SERVICES OFFICERS

FROM:    Matthew Rowland, Deputy Assistant Director

RE:       Cost of Incarceration and Supervision (**IMPORTANT INFORMATION**)

      The chart below reflects the fiscal year 2007 cost of supervision by probation and pretrial services officers as compared to the cost of incarceration and pretrial detention. The cost of supervision is calculated using the current work measurement formula, probation/pretrial services officer salary costs, law enforcement account obligations, and miscellaneous operating expenses.

      The Bureau of Prisons provided the figures for the cost of imprisonment and Community Corrections Center placement. Pretrial detention costs were provided by the Department of Justice's Office of Federal Detention Trustee.

| | Imprisonment in Bureau of Prisons Facility | Community Correction Centers | Supervision by Probation Officers | Supervision by Pretrial Services Officers | Pretrial Detention Services |
|---|---|---|---|---|---|
| **Daily** | $ 68.28 | $ 62.66 | $ 9.92 | $ 5.85 | $ 64.40 |
| **Monthly** | $ 2,076.83 | $ 1,905.92 | $ 301.80 | $ 177.81 | $ 1,958.83 |
| **Annually** | $ 24,922.00 | $ 22,871.00 | $ 3,621.64 | $ 2,133.72 | $ 23,506.00 |

      Pursuant to U.S.S.G. §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6), the court shall, when determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, consider the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence. We ask that probation officers begin to reference the updated costs in their presentence reports.

      Questions regarding the supervision costs may be directed to Program Analyst Kevin Wilson at (202) 502-1639 or by e-mail at Kevin Wilson/DCA/AO/USCOURTS.

cc:     Clerks, United States District Courts